IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FARMERS AND MERCHANTS BANK                                    PLAINTIFF

V.                                              NO: 1:25-CV-00124-GHD-DAS

D & G INVESTMENTS MS, LLC; et al.                           DEFENDANTS

MEMORANDUM OPINION

Presently before the Court is the Defendants D&G Investments MS, LLC, and Deborah Bryant's unopposed Motion to Transfer this case to Bankruptcy Court [4]. Upon due consideration, the Court finds the Motion to Transfer should be granted. This matter shall be transferred to the United States Bankruptcy Court for the Northern District of Mississippi.

**Factual Background**

On July 1, 2025, the Plaintiff filed a complaint in the Chancery Court of Prentiss County regarding certain promissory notes and loan transactions entered into by the Defendants, seeking to impose an equitable trust regarding the subject funds [2]. The Defendants Deborah Bryant and James Walker are members of the Defendant D&G Investments and are parties to an active Chapter 11 bankruptcy case that is currently pending in the U.S. Bankruptcy Court for the Northern District of Mississippi under case number 24-12236-JDW. Those Defendants removed this matter from state court to this Court pursuant to 28 U.S.C. § 1334 and § 1452(a), and specifically stated they would seek transfer of this matter to the Bankruptcy Court [1].

The Defendants have now filed a Motion to Transfer this Matter to Bankruptcy Court [4]. The Plaintiff has not opposed the motion.

**Standard**

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b); see also

*Matter of Highland Capital Management, L.P.*, No. 22-10983, 2023 WL 4842320, at *2 (5th Cir. July 28, 2023). District courts are permitted to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy courts. 28 U.S.C. § 157(a). Indeed, pursuant to 28 U.S.C. § 157(a), the United States District Courts for the Northern and Southern Districts of Mississippi have implemented a Uniform Local Rule referring all cases and proceedings arising under or arising in or related to a case under Title 11 to this District's Bankruptcy Court. *See* Uniform Local Rule 83.6.

In assessing jurisdiction, there is no need "to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11" because "[t]hese references operate conjunctively." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). "Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id.* "[The Fifth Circuit has] read this jurisdictional grant broadly, stating that the test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could *conceivably* affect the estate being administered in bankruptcy." *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015) (emphasis added); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007); see also *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575 (S.D. Miss. 2001) ("Generally, a proceeding is related to a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding possibly could have an impact on the estate being administered in bankruptcy.") "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome *could* alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.* (emph. added).

2

**Analysis and Discussion**

The threshold issue raised by the Defendants' Motion to Transfer is whether the bankruptcy court has jurisdiction within the meaning of the foregoing statutes, *i.e.*, if this proceeding could *conceivably* affect the estate being administered in bankruptcy. Here, it is clear the outcome of this proceeding could affect the subject bankruptcy estate – the Plaintiff's claims arise from certain loan transactions that are already the subject of adversary proceedings in a pending bankruptcy case [4]. The Court therefore finds the matters presented in the Plaintiff's present complaint will be litigated as part of the bankruptcy estate. This will, by definition, have an impact on the subject bankruptcy estate, given that the Plaintiff seeks a judicial order in this case establishing an equitable trust regarding property included in the pending bankruptcy estate. Further, as noted above, the Plaintiff does not oppose the transfer of this matter to the Bankruptcy Court.

Given these facts, the Court finds the outcome of this action will, at least potentially, "influence the administration of the bankrupt estate." *In re TXNB Internal Case*, 483 F.3d at 298. Accordingly, the Court concludes this case is necessarily and sufficiently tied to the subject pending Title 11 bankruptcy action to give the Bankruptcy Court subject matter jurisdiction over the case and require its transfer. In addition, because this matter clearly arises under or arises in or is related to a case under Title 11 pending in this District's Bankruptcy Court, as described above, Uniform Local Rule 83.6 requires this case be referred or transferred. The Court therefore finds this case should be transferred, and the Defendants' Motion to Transfer shall, therefore, be granted.

**Conclusion**

For the reasons stated above, the Court finds the Defendants Deborah Bryant and D&G Investments MS, LLC's Motion [4] to Transfer should be granted, and this case shall be referred

3

to the United States Bankruptcy Court for the Northern District of Mississippi.

An order in accordance with this opinion shall issue this day.

This, the 9th day of February, 2026.

                                                                                                                             SENIOR U.S. DISTRICT JUDGE